NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TIMOTHY GOODRICH,**
*Petitioner*

**v.**

**DEPARTMENT OF THE ARMY,**
*Respondent*

---

Petition for review of the Merit Systems Protection Board in No. PH-0752-21-0270-I-1.

-------------------------------------------------

**TIMOTHY GOODRICH,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2023-1536

---

Petition for review of the Merit Systems Protection Board in No. SF-844E-22-0380-I-1.

---

Before PROST, REYNA, and STARK, *Circuit Judges*.

PER CURIAM.

## O R D E R

The government responds to the court's April 5, 2023, order urging the court to transfer Timothy Goodrich's petition for review as it relates to *Goodrich v. Army*, PH-0752-21-0270-I-1, and to otherwise dismiss as premature. Mr. Goodrich has not filed a response.

Mr. Goodrich's petition seeks review of decisions in two separate Merit Systems Protection Board proceedings: SF-844E-22-0380-I-1 and PH-0752-21-0270-I-1. In SF-844E-22-0380-I-1, the administrative judge issued an initial decision affirming the Office of Personnel Management's denial of disability retirement. In PH-0752-21-0270-I-1, the administrative judge's initial decision affirmed Mr. Goodrich's removal from the Department of the Army. Mr. Goodrich filed timely petitions for review at the Board in both matters, and those petitions remain pending. Mr. Goodrich's filings at this court indicate that he raised claims of discrimination in the removal action that he does not wish to abandon. *See* ECF No. 8 at 1, 3.

We lack jurisdiction to review a "mixed case" from the Board—one in which a federal employee (1) complains of having suffered a serious adverse personnel action appealable to the Board and (2) attributes the adverse action, in whole or in part, to bias prohibited by certain federal anti-discrimination laws. *See Harris v. SEC*, 972 F.3d 1307, 1317–18 (Fed. Cir. 2020); *Perry v. Merit Sys. Prot. Bd.*, 582 U.S. 420, 426 (2017) (holding that federal district court is the proper forum for review of mixed cases from the Board); 5 U.S.C. § 7703(b)(1); 28 U.S.C. § 1295(a)(9).

In PH-0752-21-0270-I-1, we agree with the government that Mr. Goodrich sought the Board's review of an adverse employment action within the Board's jurisdiction (removal) on the basis that it was discriminatory. His case therefore belongs in federal district court. We transfer that

matter to the United States District Court for the Western District of Washington where he was employed. *See* 5 U.S.C. § 7702(e)(1)(B) (allowing an employee in certain circumstances to file a civil action if "there is no judicially reviewable action" after "the 120th day following the filing of an appeal with the Board"); *Butler v. West*, 164 F.3d 634, 640 (D.C. Cir. 1999) (holding that a district court had jurisdiction under similar circumstances).

We do not transfer but instead dismiss the petition as to the administrative judge's initial decision in SF-844E-22-0380-I-1. Because there is no indication that matter is a mixed case, we would have jurisdiction except the Board has not yet issued a "final decision," 28 U.S.C. § 1295(a)(9), given Mr. Goodrich's pending timely petition with the Board. *See* 5 C.F.R. § 1201.113(a) ("The initial decision will not become the Board's final decision if within the time limit for filing . . . any party files a petition for review . . . ."). We therefore dismiss that matter as premature.*

---

\* There are two potential paths to this court's ultimate review of a final decision in SF-844E-22-0380-I-1. Mr. Goodrich may wait for a final determination from the full Board on his petition for Board review, at which point Mr. Goodrich may seek this court's review by filing a timely petition for review with this court. Alternatively, Mr. Goodrich may file a motion at the Board to withdraw his petition pursuant to the June 2022 policy specified on the Board's website. *See* https://www.mspb.gov/appeals/files/Policy_Regarding_Withdrawal_of_a_Petition_for_Review_1515773.pdf (last visited May 25, 2023). Under that policy, the Clerk of the Board may grant requests to withdraw a petition for review when there is no apparent issue of untimeliness of the petition and no other party objects to the withdrawal. When the Clerk grants a

Accordingly,

IT IS ORDERED THAT:

(1) The court transfers the petition as applied to PH-0752-21-0270-I-1 and all transmittals to the United States District Court for the Western District of Washington pursuant to 28 U.S.C. § 1631 and dismisses the petition as to SF-844E-22-0380-I-1.

(2) Each side shall bear its own costs as to the dismissed matter.

FOR THE COURT

June 14, 2023                              /s/ Jarrett B. Perlow
      Date                                 Jarrett B. Perlow
                                           Acting Clerk of Court

---

request to withdraw, the order granting the request will be the final order of the Board for purposes of obtaining judicial review.